# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**STELLA THOMAS, Individually, and**
**OZINE THOMAS, as Attorney-in-Fact on Behalf of**
**CHRISTOPHER O. THOMAS,**

    **Plaintiffs,**

vs.                                                    Case No. 2:22-cv-2691

**STEPHANIE CRAWFORD,**                JURY DEMANDED
**DOORDASH, INC.,**
**DOORDASH ESSENTIALS, LLC, and**
**DOORDASH G&C, LLC,**

    **Defendants.**

## COMPLAINT FOR DAMAGES

**COME NOW the** Plaintiffs, Stella Thomas, individually, and Ozine Thomas, as attorney-in-fact on behalf of Christopher O. Thomas, by and through undersigned counsel of record, and files this Complaint for Damages against the Defendants, Stephanie Crawford, DoorDash, Inc., DoorDash Essentials, LLC and DoorDash G&C, LLC, and for their cause of action, respectfully states as follows:

### I.   JURISDICTION & VENUE

1. The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §1332 with damages in excess of $75,000.00.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as all wrongful acts, events and/or omissions complained of herein occurred within the jurisdiction of this judicial district in Memphis, Shelby County, Tennessee.

3. This case has been filed in a timely manner, pursuant to Tenn. Code Ann. § 28-3-104, within one (1) year from the date of the accident which is the subject of this cause of action.

## II.   PARTIES

4. Plaintiff, Stella Thomas, is a permanent adult resident of 556 Whitepoint Avenue in Memphis, Shelby County, Tennessee.  Hereinafter, Plaintiff Stella Thomas shall be referred to as "Ms. Thomas."

5. Plaintiff, Ozine Thomas, is the attorney-in-fact on behalf of his natural son, Christopher O. Thomas, both of whom are permanent residents of the same residence as Ms. Thomas in Memphis, Shelby County, Tennessee.  A true and accurate copy of the Durable Power of Attorney executed by Christopher O. Thomas is appended hereto as **Exhibit A**.  Hereinafter, Christopher O. Thomas ("Mr. Thomas").

6. Hereinafter, where appropriate, Plaintiffs Ms. Thomas and Mr. Thomas will collectively be referred to as "Plaintiffs."

7. Upon information and belief, Defendant, Stephanie Crawford, is an adult resident of Olive Branch, Desoto County, Mississippi.  Upon information and belief, Defendant, Stephanie Crawford, may be served with process at 10165 Loftin Drive; Olive Branch, Mississippi 38654.  Hereinafter, Defendant Stephanie Crawford shall be referred to as "Ms. Crawford" or "Defendant Crawford."

8. Upon information and belief, at all times relevant hereto, Defendant Crawford was the owner of the 2014 Nissan Altima she was operating on or about October 9, 2021, immediately preceding the motor vehicle accident complained of herein.

9.      Upon further information and belief, at all times relevant hereto, Defendant Crawford was an employee and/or agent, whether actual, apparent and/or implied, of Defendants DoorDash, Inc., DoorDash Essentials, LLC and/or DoorDash G&C, LLC, and was acting in the course and scope of her agency therewith while attempting to deliver food to a customer on behalf of Defendants DoorDash, Inc., DoorDash Essentials, LLC and/or DoorDash G&C, LLC when she struck the Plaintiffs' vehicle.

10.     Upon information and belief, Defendant DoorDash, Inc., is a foreign company incorporated in Delaware with its principal office located at 303 2nd Street, South Tower, Suite 800 in San Francisco, California 94107-1366.  Upon information and belief, at all times relevant hereto, including at the time of the collision complained of herein, Defendant DoorDash, Inc. had employed and/or contracted with Defendant Crawford for the latter to provide food delivery services on behalf of Defendant DoorDash, Inc., and was therefore the legal principal of Defendant Crawford.  Defendant DoorDash, Inc. can be served with process in Tennessee via its registered agent, CT Corporation System, located at: 300 Montvue Road in Knoxville, Tennessee 37919-5546.  Hereinafter, Defendant DoorDash, Inc. shall be referred to as "DoorDash" or "Defendant DoorDash."

11.     Upon information and belief, Defendant DoorDash Essentials, LLC, is a foreign company incorporated in Delaware with its principal office located at 303 2nd Street, South Tower, Suite 800 in San Francisco, California 94107-1366.  Upon information and belief, at all times relevant hereto, including at the time of the collision complained of herein, Defendant DoorDash Essentials, LLC had employed and/or contracted with Defendant Crawford for the latter to provide food delivery services on behalf of Defendant DoorDash Essentials, LLC, and was therefore the legal principal of

Defendant Crawford.  Defendant DoorDash Essentials, LLC can be served with process in Tennessee via its registered agent, CT Corporation System, located at: 300 Montvue Road in Knoxville, Tennessee 37919-5546.  Hereinafter, Defendant DoorDash Essentials, LLC shall be referred to as "DoorDash Essentials" or "Defendant DoorDash Essentials."

12. Upon information and belief, Defendant DoorDash G&C, LLC, is a foreign company incorporated in Delaware with its principal office located at 303 2nd Street, South Tower, Suite 800 in San Francisco, California 94107-1366.  Upon information and belief, at all times relevant hereto, including at the time of the collision complained of herein, Defendant DoorDash G&C, LLC had employed and/or contracted with Defendant Crawford for the latter to provide food delivery services on behalf of Defendant DoorDash, G&C, LLC, and was therefore the legal principal of Defendant Crawford.  Defendant DoorDash G&C, LLC can be served with process in Tennessee via its registered agent, CT Corporation System, located at: 300 Montvue Road in Knoxville, Tennessee 37919-5546.  Hereinafter, Defendant DoorDash G&C, LLC shall be referred to as "DoorDash G&C" or "Defendant DoorDash G&C."

13. Hereinafter, Defendants DoorDash, DoorDash Essentials and DoorDash G&C shall collectively be referred to as the "DoorDash Defendants."

### III.  STATEMENT OF FACTS

14. On or about October 9, 2021, at approximately 7:00 p.m., Ms. Thomas was lawfully driving southbound on Elvis Presley Boulevard in her 2016 Chrysler 300 with Mr. Thomas in the front passenger seat as she approached the intersection with East Raines Road in Memphis, Shelby County.

15. On or about October 9, 2021, at approximately 7:00 p.m., Defendant Crawford was also driving southbound on Elvis Presley Boulevard in her 2014 Nissan Altima as she approached the intersection with East Raines Road in Memphis, Shelby County.

16. Upon information and belief, at all times relevant hereto, Defendant Crawford was utilizing her vehicle to complete a delivery for the DoorDash Defendants.

17. On or about October 9, 2021, at approximately 7:00 p.m., before Ms. Thomas had cleared the intersection of Elvis Presley Boulevard and East Raines Road, Defendant Crawford took her attention off of the road and towards her backseat, causing the front of her vehicle to directly strike the rear end of Ms. Thomas's Chrysler 300.

18. As a result of the impact, both vehicles suffered significant damage, with Ms. Crawford's vehicle requiring towing away from the scene.

19. Upon information and belief, Defendant Crawford was issued a citation by the Memphis Police Department for, *inter alia*, Failure to Maintain Safe Lookout.

20. As a direct and proximate result of this collision and the negligence of Defendant Crawford, Plaintiffs sustained personal and bodily injuries, mental and emotional anguish and fright, incurred reasonable necessary expenses associated with necessary medical care, and other damages.

## IV.   ACTS OF NEGLIGENCE

### COUNT I: COMMON LAW NEGLIGENCE AS TO DEFENDANT CRAWFORD, INDIVIDUALLY

21. Plaintiffs incorporate all foregoing paragraphs as though set forth herein.

22.    At all relevant times hereto, Defendant Crawford was guilty of the following acts of common law general negligence, each and every one of which was a direct and proximate cause of the Plaintiffs' resulting injuries and damages, to wit:

   a.   negligently failing to maintain a proper lookout for the operation of the vehicles being operated;

   b.   negligently failing to exercise that degree of care and caution required of reasonable and prudent persons under the same or similar circumstances;

   c.   negligently failing to avoid the occurrence of the collision when in the exercise of ordinary and reasonable care, she should have known that continuing in the same manner would result in a collision between the vehicles and cause physical injuries to Plaintiffs;

   d.   negligently failing to devote full time and attention to the operation of the vehicle;

   e.   negligently failing to exercise ordinary and reasonable care while operating a motor vehicle to avoid a preventable collision;

   f.   negligently failing to maintain proper control of her vehicle;

   g.   negligently failing to use the degree of care and skill of a reasonable and prudent person under the same and/or similar circumstances then and there existing; and

   h.   negligently failing to obey and/or observe traffic control signals.

**COUNT II: NEGLIGENCE *PER SE*-**
**STATUTORY VIOLATION OF TENNESSEE STATE LAW**
**AS TO DEFENDANT CRAWFORD, INDIVIDUALLY**

23. Plaintiffs incorporate all foregoing paragraphs as though set forth herein.

24. At all times relevant hereto, Defendant Crawford was required to comply with the following statute:

   a. T.C.A. Section 55-8-124: Following too closely; and

   b. T.C.A. Section 55-8-136: Due Care.

25. At all times relevant hereto, Defendant Crawford violated T.C.A. Section 55-8-124.

26. At all times relevant hereto, Defendant Crawford violated T.C.A. Section 55-8-136.

27. At all times relevant hereto, the above statutes were in operation and in full effect on the date of this accident and Defendant Crawford's violations thereof constitute negligence *per se*.

28. Defendant Crawford breached her statutory duties as set forth herein, constituting negligence *per se*, and thereby causing Plaintiff to suffer injuries and damages.

**COUNT III: NEGLIGENCE *PER SE*-**
**VIOLATION OF ORDINANCES OF THE CITY OF MEMPHIS**
**AS TO DEFENDANT CRAWFORD, INDIVIDUALLY**

29. Plaintiffs incorporate all foregoing paragraphs as though set forth herein.

30. At all times relevant hereto, Defendant Crawford was required to comply with the following Ordinances of the City of Memphis, Tennessee:

   a. Section 11-16-2: Duty to devote full time and attention to operating vehicle. (Code 1985 Section 21-87; Code 1967 Section 23-139);

   b. Section 11-16-3: Duty to drive at a safe speed, maintain lookout and keep vehicle under control.  (Code 1985 Section 21-88; Code 1967 Section 23-155);

   c. Section 11-16-20: Following too closely.  (Code 1985 Section 21-104; Code 1967 Section 23-151);

   d. Section 11-16-44: Reckless driving.  (Code 1985 Section 21-128; Ord. 942 Section 1, 4-27-71; Code 1967 Section 23-180).

31. At all times relevant hereto, Ms. Crawford violated Section 11-16-2 of the Ordinances of the City of Memphis.

32. At all times relevant hereto, Ms. Crawford violated Section 11-16-3 of the Ordinances of the City of Memphis.

33. At all times relevant hereto, Ms. Crawford violated Section 11-16-20 of the Ordinances of the City of Memphis.

34. At all times relevant hereto, Ms. Crawford violated Section 11-16-44 of the Ordinances of the City of Memphis.

35. At all times relevant hereto, the above Ordinances of the City of Memphis were in operation and in full effect on the date of this accident and said violations by Ms. Crawford constitute negligence *per se*.

36. Ms. Crawford breached her municipal duties as set forth herein, causing the Plaintiffs to suffer injuries and damages.

**COUNT IV: AS TO DOORDASH DEFENDANTS**

37. Plaintiffs incorporate all foregoing paragraphs as though set forth herein.

38. Upon information and belief, at all times relevant hereto, Defendant Crawford was an employee and/or agent, whether actual or apparent, of the DoorDash

Defendants, and was acting in the course and scope of her employment and/or agency at the time of the collision.

39. Upon information and belief, at all times relevant hereto, the DoorDash Defendants were the employer and/or principal, whether actual or apparent, of Defendant Crawford, who was acting in the course and scope of her employment and/or agency at the time of the collision.

40. As the employer and/or principal, whether actual or apparent, of Defendant Crawford, the DoorDash Defendants are vicariously liable under the doctrine of *respondeat superior* for the for the following acts of common law negligence committed by Defendant Crawford, each and every one of which is a direct and proximate cause of the injuries and damages alleged herein:

    i. negligently failing to maintain a proper lookout for the operation of the vehicles being operated;

    j. negligently failing to exercise that degree of care and caution required of reasonable and prudent persons under the same or similar circumstances;

    k. negligently failing to avoid the occurrence of the collision when in the exercise of ordinary and reasonable care, she should have known that continuing in the same manner would result in a collision between the vehicles and cause physical injuries to Plaintiffs;

    l. negligently failing to devote full time and attention to the operation of the vehicle;

    m.    negligently failing to exercise ordinary and reasonable care while operating a motor vehicle to avoid a preventable collision;

    n.    negligently failing to maintain proper control of her vehicle;

    o.    negligently failing to use the degree of care and skill of a reasonable and prudent person under the same and/or similar circumstances then and there existing; and

    p.    negligently failing to obey and/or observe traffic control signals.

41. As the employer and/or principal, whether actual or apparent, of Defendant Crawford, the DoorDash Defendants are vicariously liable under the doctrine of *respondeat superior* for Defendant Crawford's violations of one or more of the following statutes of the State of Tennessee, each of which was in full force and effect at the time and place of the collision complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, each and every act constituting a direct and proximate cause of the injuries and damages complained of herein, to wit:

    a.  T.C.A. Section 55-8-124: Following too closely; and

    b.  T.C.A. Section 55-8-136: Due Care.

42. As the employer and/or principal, whether actual or apparent, of Defendant Crawford, the DoorDash Defendants are vicariously liable under the doctrine of *respondeat superior* for Defendant Crawford's violation of one or more of the following traffic ordinances of the City of Memphis, each and every ordinance being in full force and effect at the time and place of the collision complained or herein; with each and every such violation constituting a separate and distinct act or negligence *per se*, and each and

every act constituting a direct and proximate cause of the injuries and damages complained of herein:

    a. Section 11-16-2: Duty to devote full time and attention to operating vehicle. (Code 1985 Section 21-87; Code 1967 Section 23-139);

    b. Section 11-16-3: Duty to drive at a safe speed, maintain lookout and keep vehicle under control. (Code 1985 Section 21-88; Code 1967 Section 23-155);

    c. Section 11-16-20: Following too closely. (Code 1985 Section 21-104; Code 1967 Section 23-151);

    d. Section 11-16-44: Reckless driving. (Code 1985 Section 21-128; Ord. 942 Section 1, 4-27-71; Code 1967 Section 23-180).

43. As a direct and proximate result of Defendant Crawford's violations of the above duties, statutes and ordinances, which directly and proximately caused the motor vehicle collision complained of herein, the DoorDash Defendants are vicariously liable as Defendant Crawford's employer and/or principal, whether actual or apparent.

44. As a direct and proximate result of Defendant Crawford's negligence, the Plaintiffs have suffered damages for which the DoorDash Defendants are vicariously liable as Defendant Crawford's employer and/or principal, whether actual or apparent.

45. Upon further information and belief, at all times relevant hereto, Defendant Crawford was utilizing her vehicle for the express purpose of delivering food to customer(s) of the DoorDash Defendants.

46. The DoorDash Defendants are liable to Plaintiffs for their injuries and damages caused by Defendant Crawford's negligent operation of her vehicle while she was on or about the business of delivering food to customer(s) of the DoorDash Defendants.

## V.    DAMAGES

47.    As a direct and proximate result of the negligence of the Defendants in directly, proximately and/or legally causing the collision complained of herein, Plaintiffs suffered significant damages, including bodily injury, extreme fright, emotional anguish and more, and seek all compensatory damages available to them under Tennessee law, including but not limited to: past, present and future physical pain and suffering; past, present and future loss of enjoyment of life; past, present and future medical bills and necessary medical treatment; past, present and future mental anguish and emotional distress; and, any and all other damages to which they may be entitled upon the premises.

48.    As a direct and proximate result of the negligence of the Defendants, Plaintiffs incurred necessary medical treatment and associated reasonable medical bills.

49.    As a direct and proximate result of the negligence of the Defendants, Plaintiffs also suffered significant property damage to Ms. Thomas' vehicle.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray and/or request:

1. That Defendant be served with process and required to Answer this Complaint in a timely manner, or have a default judgment entered against her and the allegations herein deemed admitted;

2. That a jury be empaneled to hear this case;

3. That the Plaintiffs be awarded a judgment against the Defendant for compensatory damages according to the proof at trial, in an amount to be determined by a jury, but in

no event less than $150,000 each in non-economic damages, with economic damages to be proven at trial; and

    4.  That the Plaintiffs would further seek any and all other relief, whether general or specific, that this Court should deem appropriate under the premises.

                          Respectfully submitted,

                          SPENCE PARTNERS

                          /s/ Andrew M. Horvath
                          Robert L. J. Spence, Jr. (BPR #12256)
                          Andrew M. Horvath (BPR #33862)
                          Cotton Exchange Building:
                          65 Union Avenue, Suite 900
                          Memphis, Tennessee 38103
                          Telephone: (901) 312-9160
                          Facsimile: (901) 521-9550
                          rspence@spencepartnerslaw.com
                          ahorvath@spencepartnerslaw.com

                          *Attorneys for Plaintiffs*